Wolson  JDW

19-5836

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Wilner PIERRE

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Stephen T. O'Hanlon, O'Hanlon Law, 1500 JFK Blvd, Ste 1410, Philadelphia, Pa 19102.  (267) 546-9066.

**DEFENDANTS**

Police Officer Clarke, Police Officer Jane/John Doe

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

19   5836

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                  Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Protection Act |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | Exchange |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | **IMMIGRATION** | | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | Agency Decision |
| | Employment | **Other:** | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | Actions | | State Statutes |
| | Other | ☐ 550 Civil Rights | | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983

Brief description of cause:
Illegal search & seizure

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
12/12/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

DEC 12 2019

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**19    5836**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ c/o O'Hanlon Law Firm, 1500 JFK Blvd., Ste 1410, Phila. PA 19102

Address of Defendant: _____ c/o Law Department, 1515 Arch Street, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: _____ Philadelphia _____

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior case pending or within one year previously terminated action in this court?    Yes ☐    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ is **not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _12/12/19_ _____ _____ 208428

_____ Must sign here _____
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**     *Federal Question Cases:*       **B.**     *Diversity Jurisdiction Cases:*

| | A. Federal Question Cases | | B. Diversity Jurisdiction Cases |
|---|---|---|---|
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | FELA | ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | ☐ 3. | Assault, Defamation |
| ☐ 4. | Antitrust | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | ☐ 6. | Other Personal Injury *(Please specify):* _____ |
| ☑ 7. | Civil Rights | ☐ 7. | Products Liability |
| ☐ 8. | Habeas Corpus | ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | ☐ 9. | All other Diversity Cases |
| ☐ 10. | Social Security Review Cases | | *(Please specify):* _____ |
| ☐ 11. | All other Federal Question Cases | | |
| | *(Please specify):* _____ | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Stephen T. O'Hanlon _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑    Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐    Relief other than monetary damages is sought.

DATE: _12/12/2019_ _____ 208428

_____ Sign here if applicable _____
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

DEC 12 2019

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

*Wilner PIERRE*                     :          CIVIL ACTION

     v.                                     :

*P/o CLARKE, et al.*               :          **19      5836**
                                          :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                         ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                   (✗)

*12/12/19*          *Stephen O'Hanlon*          *Plaintiff*
**Date**                 **Attorney-at-law**         **Attorney for**

*267 · 546 · 9066*       *215 · 563 · 6617*       *steve@ohanlonlawfirm.com*

**Telephone**            **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02

DEC 12 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILNER PIERRE** | **CIVIL ACTION** |
| **Plaintiff,** | |
| | **NO.**      **19**    **5836** |
| **VS.** | |
| | **JURY TRIAL** |
| **POLICE OFFICER CLARKE,** | **DEMANDED** |
| **(BADGE NUMBER 1763)** | |
| -and- | |
| **POLICE OFFICER JOHN/JANE DOE,** | |
| **Defendants.** | |

## COMPLAINT AND JURY DEMAND

    Plaintiff, Wilner Pierre, by and through his undersigned counsel, The O'Hanlon Law Firm, P.C., hereby demands a trial by jury and complains against the above-captioned Defendants in their individual capacitates as follows:

### Statement of Claim and Jurisdiction

    1.    This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth Amendment to the United States Constitution and under the common law of the Commonwealth of Pennsylvania against Defendant Officers in their individual capacities. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 and on the state law claims elucidated herein and pendent jurisdiction to entertain claims arising under federal law pursuant to 28 U.S.C. § 1367.

    2.    It is alleged that the individual police officer Defendants made an unreasonable seizure of the person and property of Plaintiff violating his rights under the Fourth Amendment

to the United States Constitution and that Defendants also violated Pennsylvania tort law by falsely arresting and imprisoning Plaintiff.

## Parties

3.    Wilner Pierre (hereinafter "Plaintiff") is a citizen of the United States and at all times relevant to the claims arising herein was a citizen of the Commonwealth of Pennsylvania and resident of Philadelphia County.

4.    On May 31, 2019, Defendant Officers, Officer Clarke (25th District, Badge # 1763) and his partner (hereinafter "Defendant Officers"), were at all times relevant to this Complaint duly appointed and acting officers of the Police Department of the City of Philadelphia, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the Commonwealth of Pennsylvania and/or the City of Philadelphia.

## Facts

1.    On or about May 31, 2019, at approximately 4:00 PM, Plaintiff was operating his vehicle in the area of 4900 Bingham Street, Philadelphia, PA.

2.    Plaintiff is an Uber driver by trade and on the aforementioned date and time, Plaintiff was transporting several passengers in his vehicle. Plaintiff was following the highlighted GPS route displayed on the Uber application running on his mobile device.

3.    Plaintiff noticed Defendant Clarke operating a police vehicle immediately ahead of the Plaintiff's vehicle, moving at the exceedingly slow rate of speed of five miles per hour. Defendant Clarke failed to engage his emergency police lights or flashing hazard indicators.

4.    Plaintiff continued to patiently follow Defendant Clarke for several miles but concluded he must find an alternate route because he was carrying Uber passengers.

5.      Plaintiff waited until it was safe and proceeded to pass Defendant Clarke on the left without any incident.

6.      Immediately thereafter, Defendant Clarke put on his police vehicle lights and initiated a traffic stop of Plaintiff's vehicle. Plaintiff pulled off to the side of the road.

7.      Defendant Clarke approached Plaintiff's vehicle with his partner and asked for Plaintiff's license, proof of insurance, and vehicle registration. As Plaintiff was looking for his license, he asked Defendant Officers why he had been stopped.

8.      When Plaintiff asked the reason for the stop, Defendant Officers became annoyed and impatient and ordered the Plaintiff out of his vehicle. Plaintiff provided the necessary documentation to Defendants.  Defendant Officers ignored the Plaintiff's questions.

9.      Plaintiff asked why he was being ordered to exit the vehicle, but Defendant Officers ignored Plaintiff's question and again ordered him out of the vehicle.

10.      Plaintiff complied with Defendant Officers' order to exit his vehicle and Defendant Officers handcuffed Plaintiff and placed him in the back of the police vehicle without reason or justification.

11.      Defendant Officers removed the Uber passengers from the vehicle and made them stand on the sidewalk nearby.

12.      Plaintiff had not committed any crime or criminal wrongdoing and Defendant Officers had no warrant, reasonable suspicion, or probable cause to detain or arrest Plaintiff.

13.      Plaintiff asked Defendants several times why he was being cuffed and detained to which he was told by Defendant Clarke that he would be told why later.

14.     Additionally, Plaintiff asked whether he was under arrest and Defendant Clarke stated that he was not; and yet, Plaintiff was confined against his will in handcuffs in the back of the police vehicle.

15.     While Plaintiff was in handcuffs and in the back of the police vehicle Defendant Officers conducted a search of Plaintiff's vehicle. Prior to searching Plaintiff's vehicle, Defendant officers lacked probable cause to search.

16.     Plaintiff repeatedly asked that Defendant Officers to desist from searching his vehicle but Defendant Officers completely ignored Plaintiff.

17.     After illegally searching Plaintiff's vehicle, Defendant Officers could not find anything incriminating or of any interest.

18.     Plaintiff was wrongfully held in police custody for over an hour without any legitimate reason. Plaintiff did not pose an immediate threat to anyone during this routine traffic stop.

19.     Defendant Clarke's supervisor arrived on the scene approximately a half hour after Plaintiff was placed in handcuffs and detained in the backseat of the police vehicle.

20.     Plaintiff asked the supervisor why he was being cuffed and detained but no adequate reason was given.

21.     After Defendant Officers were finished searching Plaintiff's vehicle, they then told Plaintiff he was detained because he had entered into another lane of travel to pass the police vehicle. Subsequently, Plaintiff was issued a traffic citation for violating traffic duties at a stop sign which is reflected in the docket number CP-51-SA-0001816-2019.

22.     Defendant Officers later removed the handcuffs and released Plaintiff from the back of the police vehicle.

4

23.     Plaintiff then drove the Uber passengers to their destinations.

24.     Defendants knew or should have known, based on the facts, that Plaintiff did not commit any crime or offense for which an arrest may be lawfully made and yet they still proceeded to arrest and detain Plaintiff.

25.     At all times during the events described above, Defendant Police Officers were engaged in a joint venture.   The individual Defendant Police Officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

26.     As a direct and proximate result of the said acts of Defendant Police Officers, Plaintiff suffered the following injuries and damages:

    a.   Violation of his Constitutional rights under the Fourth Amendment to the United States Constitution;

    b.   Loss of physical liberty;

    c.   Emotional injury;

27.     The actions violated the following clearly established and well-settled federal constitutional rights of Plaintiff and well-settled Pennsylvania law:

    a.   Freedom from unreasonable search and seizure of his person and his car;

    b.   Freedom false arrest and imprisonment of Plaintiff's person to a confined and bound area by Defendants.

## **Causes of Action**

### **COUNT ONE:  42 U.S.C. § 1983 - FOURTH AMENDMENT ILLEGAL SEARCH AND SEZIURE AGAINST ALL DEFENDANTS**

28.     Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

29.     Defendants caused Plaintiff to be detained and arrested in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution.

30.     Plaintiff was illegally seized by Defendant Police Officers, acting in concert, when he was improperly removed from his vehicle. These Defendants unreasonably searched Plaintiff without reasonable articulable suspicion or probable cause to believe he had committed a crime. In fact, Defendant Clarke profiled Plaintiff by pulling him over, ordering him out of the car, and searching the vehicle.  There was absolutely no reason whatsoever to conduct a search of Plaintiff under these circumstances.

31.     Defendants illegally searched Plaintiff and his vehicle without consent or any legal justification to do so. Defendants intended to violate Plaintiff's civil rights by their actions. Defendants' actions are a clear case of racial profiling, as the unreasonable search was instigated, at least in part, because of Plaintiff's skin color.

32.     Moreover, Defendants violated Plaintiff's constitutional Fourth Amendment rights to be free from unreasonable detention and arrest guaranteed by the United States Constitution.

33.     Defendants handcuffed Plaintiff and placed him in the back of police vehicle.

34.     Plaintiff remained in the confines of the police vehicle until Defendants decided to release him.  As a result of Defendants' actions, Plaintiff was detained without reasonable suspicion, probable cause, and without a valid warrant.

35.     As a result of the Defendants' conduct, they are liable for Plaintiff's injuries because they were integral participants in the unreasonable detention and arrest.

36.     All of the aforementioned acts of the Defendants were carried out under the color of state law and by the Defendants in their individual capacities with all actual and/or apparent authority afforded to police officers.

37.     All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth Amendment to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983, including right to be free from unreasonable search and seizure.

38.     Defendants conduct was willful, wanton, malicious, and done with reckless disregard for Plaintiff's rights and safety and, therefore, warrants the imposition of exemplary and punitive damages.

39.     Plaintiff should, therefore, be compensated for the violation of his Fourth Amendment rights.

### COUNT TWO:  PENNSYLVANIA TORT LAW - FALSE ARREST AND IMPRISONMENT AGAINST ALL DEFENDANTS

40.     Paragraphs 1 through 39 are incorporated herein by reference as though fully set forth.

41.     The acts and conduct of all Defendants as aforesaid caused Plaintiff to be deprived of his right to be free from unlawful detention, to be secure in his person and property and to due process of law guaranteed under the laws and Constitution of the Commonwealth of Pennsylvania.

42.     Plaintiff was ordered out of his vehicle by Defendants, handcuffed, and confined against his will in the back of a police vehicle.

43.     Defendants knew there was no probable cause to arrest or legal basis to detain Plaintiff and the arrest and imprisonment of Plaintiff were the result of racial animus and

profiling perpetuated by all Defendants. Defendants intended and caused Plaintiff's restraint and confinement to the bounded area of the police vehicle for over an hour.

44.     As a result of all of Defendants' actions, Plaintiff sustained pain, injury, and emotional distress all to his detriment.

45.     The actions described herein of all Defendants were malicious, intentional, and displayed with a reckless disregard to the rights, safety, and well-being of Plaintiff, and the imposition of punitive damages is warranted to deter such future similar conduct.

46.     Plaintiff should, therefore, be compensated for the violation of the Pennsylvania tort of false arrest and imprisonment. Therefore, Plaintiff is entitled to an award of exemplary and punitive damages in addition to compensatory damages.

### Prayer for Relief

WHEREFORE, Plaintiff requests that this Court:

a.      Award compensatory damages to Plaintiff against Defendants;

b.      Award costs of this action to Plaintiff;

c.      Award reasonable attorney's fees and costs to Plaintiff;

d.      Award punitive damages to Plaintiff;

e.      Award such other and further relief as this Court may deem appropriate.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial.

                                        The O'Hanlon Law Firm, P.C.

                                        STEPHEN T. O'HANLON, ESQUIRE

DATE:  December 12, 2019

The O'Hanlon Law Firm, P.C.
BY:  Stephen T. O'Hanlon, Esquire
PA Bar # 208428
Attorney for Plaintiff
2 Penn Center, Suite 1410
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel:  (267) 546-9066
Fax: (215) 563-6617
steve@ohanlonlawfirm.com

9