IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILNER PIERRE<br><br>Plaintiff,<br>v.<br>POLICE OFFICER JASON CLARKE,<br><br>-and-<br><br>POLICE OFFICER KEVIN NORTON,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 19-cv-5836<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S PRETRIAL MEMORANDUM**

**I.**
**II.    STATEMENT OF CLAIMS AND JURISDICTION**

This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth Amendment to the United States Constitution and under the common law of the Commonwealth of Pennsylvania against Defendant Officers in their individual capacities. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 and on the state law claims elucidated herein and pendent jurisdiction to entertain claims arising under federal law pursuant to 28 U.S.C. § 1367.

It is alleged that the individual police officer Defendants made an unreasonable seizure of the person and property of Plaintiff violating his rights under the Fourth Amendment to the United States Constitution and that Defendants also violated Pennsylvania tort law by falsely arresting and imprisoning Plaintiff.

Plaintiff seeks compensatory and punitive damages, attorney fees, and costs.

1

### III. STATEMENT OF RELEVANT FACTS

On or about May 31, 2019, at approximately 4:00 PM, Plaintiff was operating his vehicle in the area of 4900 Bingham Street, Philadelphia, PA.

Plaintiff is an Uber driver by trade and on the aforementioned date and time, Plaintiff was transporting several passengers in his vehicle. Plaintiff was following the highlighted GPS route displayed on the Uber application running on his mobile device.

Plaintiff noticed Defendant Clarke operating a police vehicle immediately ahead of the Plaintiff's vehicle, moving at the exceedingly slow rate of speed of five miles per hour. Defendant Clarke failed to engage his emergency police lights or flashing hazard indicators.

Plaintiff continued to patiently follow Defendant Clarke for several miles but concluded he must find an alternate route because he was carrying Uber passengers.

Plaintiff waited until it was safe and proceeded to pass Defendant Clarke on the left without any incident.

Immediately thereafter, Defendant Clarke put on his police vehicle lights and initiated a traffic stop of Plaintiff's vehicle. Plaintiff pulled off to the side of the road.

Defendant Clarke approached Plaintiff's vehicle with his partner and asked for Plaintiff's license, proof of insurance, and vehicle registration. As Plaintiff was looking for his license, he asked Defendant Officers why he had been stopped.

When Plaintiff asked the reason for the stop, Defendant Officers became annoyed and impatient and ordered the Plaintiff out of his vehicle. Plaintiff provided the necessary documentation to Defendants. Defendant Officers ignored the Plaintiff's questions.

Plaintiff asked why he was being ordered to exit the vehicle, but Defendant Officers ignored Plaintiff's question and again ordered him out of the vehicle.

Plaintiff complied with Defendant Officers' order to exit his vehicle and Defendant Officers handcuffed Plaintiff and placed him in the back of the police vehicle without reason or justification.

Defendant Officers removed the Uber passengers from the vehicle and made them stand on the sidewalk nearby.

Plaintiff had not committed any crime or criminal wrongdoing and Defendant Officers had no warrant, reasonable suspicion, or probable cause to detain or arrest Plaintiff.

Plaintiff asked Defendants several times why he was being cuffed and detained to which he was told by Defendant Clarke that he would be told why later.

Additionally, Plaintiff asked whether he was under arrest and Defendant Clarke stated that he was not; and yet, Plaintiff was confined against his will in handcuffs in the back of the police vehicle.

While Plaintiff was in handcuffs and in the back of the police vehicle Defendant Officers conducted a search of Plaintiff's vehicle. Prior to searching Plaintiff's vehicle, Defendant officers lacked probable cause to search.

Plaintiff repeatedly asked that Defendant Officers to desist from searching his vehicle but Defendant Officers completely ignored Plaintiff.

After illegally searching Plaintiff's vehicle, Defendant Officers could not find anything incriminating or of any interest.

Plaintiff was wrongfully held in police custody for over an hour without any legitimate reason. Plaintiff did not pose an immediate threat to anyone during this routine traffic stop.

Defendant Clarke's supervisor arrived on the scene approximately a half hour after Plaintiff was placed in handcuffs and detained in the backseat of the police vehicle.

Plaintiff asked the supervisor why he was being cuffed and detained but no adequate reason was given.

After Defendant Officers were finished searching Plaintiff's vehicle, they then told Plaintiff he was detained because he had entered into another lane of travel to pass the police vehicle. Subsequently, Plaintiff was issued a traffic citation for violating traffic duties at a stop sign which is reflected in the docket number CP-51-SA-0001816-2019.

Defendant Officers later removed the handcuffs and released Plaintiff from the back of the police vehicle.

Plaintiff then drove the Uber passengers to their destinations.

Defendants knew or should have known, based on the facts, that Plaintiff did not commit any crime or offense for which an arrest may be lawfully made and yet they still proceeded to arrest and detain Plaintiff.

At all times during the events described above, Defendant Police Officers were engaged in a joint venture. The individual Defendant Police Officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

## IV.    STATEMENT AS TO DAMAGES

**Damages**

Plaintiff seeks compensatory damages as a result of the false arrest and imprisonment and for pain and suffering associated with his claims in the pleadings. Plaintiff requests, in addition, punitive damages and attorneys' fees and costs. The total singular itemization for Plaintiff's compensatory damages is $150,000.

## V.    LIST OF POTENTIAL WITNESSES

Plaintiff does not have any expert witnesses.

Plaintiff, Wilner Pierre, c/o Plaintiff's counsel. Testimony will support all allegations in the amended Complaint.

All Defendant Police and Police Present: P/O Jason Clarke, P/OKevin Norton, Sargent Brian Myers,

Sargent Brian Waters. There are other potential police witnesses: Lt. Matthew G. Palouian P/O, Christopher Rycek, P/O Gabriel Keown.

Uber Passengers: Marc Kenan Pierre and Desmand Jasahn Trail. Passengers in Plaintiff's vehicle and will testify as to police hostility and Plaintiff Compliance.

## VI.    PLAINTIFF'S TRIAL EXHIBITS

P-1 75-48A

P-2 First Judicial District of Pennsylvania Court Summary

P-3 Court of Common Pleas Summary Appeal Docket

P-4 Magisterial District Court Public Court Summary

P-5 Magisterial District Judge Traffic Docket

P-6 Traffic Violation Hearing Transcript

P-7 Jason Clarke Deposition

P-8 Kevin Norton Deposition

P-9 Wilner Pierre Deposition

P-10 Plaintiff's First Cell Phone Recording: Video Footage – File Name IMG_0575

P-11 Plaintiff's Second Cell Phone Recording: Video Footage – File Name IMG_2547

P-12 Google Maps Captures of Bingham Street

P-13 Jason Clarke Interrogatory Responses and Verification

P-14 Kevin Norton Interrogatory Responses Verification

P-15 Call Logs (D0002-5)

P-16 Annual Stop and Frisk Bailey Monitoring Reports

P-17 City of Philadelphia Annual Responses to Stop and Frisk Bailey Monitoring Reports

Plaintiff respectfully reserves the right to introduce any documents produced by Defendants during the course of discovery and identified during the pretrial exchange. Plaintiff respectfully reserves the right to introduce documents for the purposes of impeachment, in order to refresh a witness' recollection, or any other reasons permitted under the Federal Rules of Evidence or Federal Rules of Civil Procedure.

**VII.**   **ESTIMATE OF REQUIRED TRIAL TIME**

Defendant anticipates needing two to three days of trial time.

**VIII.**  **STIPULATIONS**

The Parties have conferred regarding stipulations.  The only present stipulations likely relate to date, time, and location as well as people that were present at the time and immediately subsequent to the incident.

**IX.**   **SUBSEQUENT COMMENTS**

Plaintiff anticipates filing Motions *in Limine* regarding another similar civil case.

Deposition testimony will likely be used only to impeach or refresh memory.  Therefore, Plaintiff does not have deposition designations that Plaintiff wishes to submit into evidence pretrial.

Respectfully submitted,

**The O'Hanlon Law Firm, P.C.**

/s//

_____
STEPHEN T. O'HANLON, ESQUIRE

## CERTIFICATE OF SERVICE

I, Stephen T. O'Hanlon, Esquire, hereby certify that the above Pretrial Memorandum has been served upon opposing counsel by opt-in ECF service on the below date.

          **The O'Hanlon Law Firm, P.C.**

          /s//
          _____
          STEPHEN T. O'HANLON, ESQUIRE

DATE:  August 13, 2021

The O'Hanlon Law Firm, P.C.
BY:  Stephen T. O'Hanlon, Esquire
PA Bar ID # 208428
Israel A. Schwartz, Esquire
2 Penn Center, Suite 1410
1500 John F. Kennedy Blvd.
Philadelphia, PA 19102
Tel:  (267) 546-9066
Fax: (215) 563-6617
steve@ohanlonlawfirm.com